14-842
Velazco v. Columbus Citizens

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2014

(Submitted: January 14, 2015     Decided: February 13, 2015)

Docket No. 14-842

_____

HUGO VELAZCO,

*Plaintiff – Appellant*,

—v.—

COLUMBUS CITIZENS FOUNDATION, JOHN BODEN, an individual,

*Defendants – Appellees*,

_____

B e f o r e:

KATZMANN, *Chief Judge*, KEARSE and RAGGI, *Circuit Judges*.

1

_____

Appeal from a district court's judgment (Daniels, *J.*), granting summary judgment in defendants' favor on plaintiff's claims for age discrimination under, *inter alia*, the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.* We conclude that the district court failed to separately and independently analyze plaintiff's NYCHRL claim. We therefore VACATE that portion of the district court's judgment and REMAND for further proceedings consistent with this Opinion.

_____

Michael J. Borrelli, Alexander T. Coleman, Jeffrey R. Maguire, Borrelli & Associates, P.L.L.C., Great Neck, New York, *for Plaintiff-Appellant*.

Michael A. Miranda, Miranda Sambursky Sloane Sklarin Verveniotis LLP, Mineola, New York, *for Defendants-Appellees.*

_____

PER CURIAM:

Plaintiff-Appellant Hugo Velazco appeals from an award of summary judgment entered in the United States District Court for the Southern District of New York (Daniels, *J.*), on February 24, 2014, in defendants' favor on Velazco's claims of age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.* We affirm the ADEA portion of

2

the judgment in a separate summary order. We write here to reiterate that district courts who exercise pendent jurisdiction over NYCHRL claims are required by the Local Civil Rights Restoration Act of 2005 ("Restoration Act"), N.Y.C. Local L. No. 85, to analyze those claims under a different standard from that applicable to parallel federal and state law claims. Because the district court did not analyze Velazco's NYCHRL claim separately and independently, we vacate the NYCHRL portion of the judgment and remand to the district court for further proceedings consistent with this Opinion.

## DISCUSSION

We review *de novo* a district court's grant of summary judgment, drawing all reasonable factual inferences in the non-moving party's favor, here, Velazco. *See, e.g.*, *Wrobel v. Cnty. of Erie*, 692 F.3d 22, 27 (2d Cir. 2012).

We have previously explained that for many years, the NYCHRL was construed "to be coextensive with its federal and state counterparts." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 108 (2d Cir. 2013). But in 2005, the New York City Council passed the Restoration Act, which amended the NYCHRL. *Id.* at 109. Specifically, the Restoration Act created "two new rules of

construction." *See id*. First, it explicitly created a one-way ratchet, by which "[i]nterpretations of New York state or federal statutes with similar wording may be used to aid in interpret[ing]" the NYCHRL, insofar as "similarly worded provisions of federal and state civil rights laws [would constitute] a floor below which the [NYCHRL] cannot fall." Restoration Act § 1; *see Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir. 2009). Second, it amended the NYCHRL to require a liberal construction of its amendments "for the accomplishment of the [NYCHRL's] uniquely broad and remedial purposes . . . , regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of [the NYCHRL], have been so construed." Restoration Act § 7 (amending N.Y.C. Admin. Code § 8–130).

Thus, "[i]n amending the NYCHRL, the City Council expressed . . . that the NYCHRL had been 'construed too narrowly' and therefore 'underscore[d] that the provisions of [the NYCHRL] are to be construed independently from similar or identical provisions of New York state or federal statutes.'" *Mihalik*, 715 F.3d at 109 (second alteration in the original) (*quoting* Restoration Act § 1); *see also Albunio v. City of N.Y.*, 16 N.Y.3d 472, 477 (2011) (recognizing that the Restoration Act

4

requires courts to construe the NYCHRL "broadly in favor of discrimination plaintiffs"); *Williams v. N.Y.C. Hous. Auth.*, 61 A.D. 3d 62, 67 (N.Y. App. Div. 2009) ("[T]he Restoration Act notified courts that . . . *all* provisions of the [NYCHRL] required independent construction to accomplish the law's uniquely broad purposes . . . .") (emphasis in the original). We have therefore held that "[p]ursuant to these revisions, courts must analyze NYCHRL claims separately and independently from any federal and state law claims." *Mihalik*, 715 F.3d at 109. Indeed, "even if the challenged conduct is not actionable under federal and state law, federal courts must consider separately whether it is actionable under the broader New York City standards." *Mihalik*, 715 F.3d at 109.

Of course, a federal court need not undertake such a review of a NYCHRL claim if, after disposition of the parallel federal claim, it declines to exercise pendent jurisdiction. But the district court did not choose this route, instead ruling that plaintiff's NYCHRL claim failed as a matter of law. Such a decision could only be made by undertaking the independent analysis required by the Restoration Act, which the district court failed to do here.

In urging otherwise, defendants maintain that the district court effectively applied the NYCHRL standard when, in granting summary judgment, it found that the plaintiff's age was not a motivating factor in the decision to terminate him. We do not think the district court spoke with sufficient clarity, however, as to whether the evidence was insufficient to support any causal link between age bias and plaintiff's firing, as required by the NYCHRL, *see Bennett v. Health Mgmt. Sys., Inc.*, 936 N.Y.S.2d 112, 120 (N.Y. App. Div. 2011) ("It is not uncommon for covered entities to have multiple or mixed motives for their action, and the [NYCHRL] proscribes such 'partial' discrimination . . . ."), or whether the evidence was simply insufficient to support the but-for causation required by the ADEA, *see Gross v. FBL Fin. Servs. , Inc.*, 557 U.S. 167, 177–78 (2009). In sum, because we cannot confidently conclude that the district court analyzed plaintiff's NYCHRL claim under the standard applicable thereto, we must vacate the portion of the district court's judgment related to the plaintiff's NYCHRL claim.

## CONCLUSION

Accordingly, the district court's judgment is **VACATED** in part and **REMANDED** for further proceedings consistent with this Opinion.